UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Case No: 9-13-cv-80030

Yvette Kanarick,

    Plaintiff,

vs.

SANTANDER CONSUMER USA, INC,

    Defendant

_____/

## AMENDED COMPLAINT FOR DEFAULT JUDGMENT

Plaintiff, respectfully files this amended complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

## BACKGROUND

1. Plaintiff is an individual and resident of 2912 Shaughnessy Dr. Wellington, Florida, 33414 USA.

2. Defendant is a corporation and at the time of this complaint, has an address at 8585 Stemmons Fwy, Ste. 10, Dallas, TX 75247-3836.

3. On or about June 20, 2012, Plaintiff sent a NOTICE OF DISPUTE: DEMAND FOR VALIDATION OF PROOF OF CLAIM Pursuant to **Fair Debt Collection Practices Act, 15 USCG 1692 et seq.**, and the **Fair Credit Billing Act, 15 U.S.C. 1666** (Exhibit A).

4. On or about June 20, 2012 Plaintiff issued a **Counter Claim Self-Executing Contract**, if the defendant such as by commission, omission, and otherwise:

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

(a) Fails to provide VALIDATION and PROOF OF CLAIM within thirty (30) days;

(b) Makes a false representation of the character of the hereinabove-referenced alleged debt;

(c) Makes a false representation of the legal status of the hereinabove-referenced alleged debt;

(d) Makes any threat of action that cannot legally be taken, in violation of any applicable law, such as, the law codified at the *Fair Debt Collection Practices Act,*

5.      Defendant failed to respond to **Notice Of Dispute: Demand For Validation Of Proof Of Claim** sent by US Mail, Return Receipt Requested to Defendant requesting a response to questions related to plaintiff's Standing, Unclean Hands, Fraud, Violation of Unfair and Deceptive Trade Practices Act, Unconscionability, Failure to Provide Fair Debt Collection Practice Act Notice, Duress, Fraud in Inducement, No Written Notice of Consumer Debt Assignment and Failure to State a Claim for Which Relief May be Granted.

6.      Plaintiff requested that Defendant validate reported debt by responding with specificity by providing all of the following information and to submit the appropriate forms and paperwork back to the Plaintiff along with an Affidavit signed in accordance with 28 U.S.C. Section 1746 within 30 days from the date of your receipt of this request for validation and proof of claim and in accordance with **Fair Debt Collection Practices Act, 15 USCG 1692 et seq.,** and the **Fair Credit Billing Act, 15 U.S.C. 1666.**

   1. Alleged Name and Address of Creditor
   2. Name on File of Alleged Debtor:

Page **2** of **9**

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

3. Alleged Account #:

4. Amount of alleged debt:

5. Date that this alleged debt became payable:

6. Date of original charge off or delinquency:

7. Amount paid if debt was purchased:

8. Please attach a copy of any signed agreement debtor has made with debt collector, or other verifiable proof that debtor has a contractual obligation to pay debt collector.

9. Furnish a copy of the original promissory note/agreement redacting my social security number to prevent identify theft and state that your client named above is the holder in due course of the note agreement and will produce the original for Plaintiff's to judge and inspect should there be a trial to contest these matters.

10. Produce the account and general ledger statement showing the full accounting of the alleged obligation that Defendant are now attempting to collect.

11. Identify by name and address all persons, corporations, associations, or any other parties having an interest in legal proceedings regarding the alleged debt.

12. Verify as a third party debt collector, Defendant have not purchased evidence of the alleged debt and are proceeding with collection activity in the name of the original maker of the note.

13. Verify that Defendant know and understand that certain clauses in a contract of adhesion, such as a so-called forum selection clause, are unenforceable unless the

party to whom the contract is extended could have rejected the clause without impunity.

14. Verify that Defendant know and understand that credit card contracts are a series of continuing offers to contract and as such are non-transferable.

15. Provide verification from the stated creditor that Defendant are authorized to act for them.

16. Verify that Defendant know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which the Defendant know is false with the intention that others rely on the written communication to their detriment a violation of United States Code TITLE 18 PART 1 CHAPTER 63 Sec. 1341.

In this notice Plaintiff advised the Defendant that Silence is acquiescence/ agreement dishonor. *See Connally v. General Construction Co., 269 U.S. 385, 391.*

6.      On or about August 5, 2012, Plaintiff directed a letter **Notice Of Acceptance By Aquiescence And Assent** to **Counter Claim Self-Executing Contract** allowing 15 days to respond to the Plaintiff (Exhibit B).

7.      On August 8th, 2012, Plaintiff engaged a Third Party Witness to Defendant's in delivering to the Defendant **Notice of Default and Notice of Opportunity to Cure** Acceptance by Acquiescence and Assent to the terms set forth in **Notice Of Dispute: Demand For Validation Of Proof Of Claim.** (Exhibit D)

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

8. On September 12th, 2012, Third Party Witness delivered to the Defendant a **Notice of Default** (Exhibit C).

9. On September 17th 2012, Plaintiff further sent an **Affidavit of Truth: Declaration of Fact** to the Defendant (Exhibit E).

10. On the September 20th 2012, Third Party Witness sent a **Certificate of Default to the Defendant** (See Exhibit F).

11. On September 20th 2012, Plaintiff sent an **Affidavit in Support of Default** to the Defendant (See Exhibit G)

12. On or about November 14th 2012, Plaintiff notices that Defendant continued to report invalidated information and upkeep negative remarks on Plaintiff's credit report.

13. On June 17th 2013, Plaintiff notices that the Defendant continues to report and publicize invalidated, disputed contested and compromised debt to three credit reporting bureaus.

Plaintiff brings forth the following counts and allegations supporting his cause of action: Plaintiff brings forth the following causes of action and alleges the following:


## CAUSES OF ACTIONS

1. **Breach of Duty**

    a. Defendant breached its Duty to follow legal guidelines as stipulated in **Fair Debt Collection Practices Act, 15 USCG 1692 et seq.,** and the **Fair Credit Billing Act, 15 U.S.C. 1666.** The Defendant has made claims against the Plaintiff with three Credit Bureaus by reporting and continuing to report an invalidated, and disputed debt.

2. **Breach of Implied Covenant of Good Faith and Fair Dealing**

    a. The Defendant refused to adhere to lawful practice as according to **Fair Debt Collection Practices Act, 15 USCG 1692 et seq.,** and the **Fair Credit Billing Act, 15 U.S.C. 1666**. Further, Defendant refused to acknowledge the Plaintiff's copious efforts and has refused every good faith effort that Plaintiff made to effect a reasonable and expeditious settlement of this instant matter.

3. **Failure to State a Claim for which Relief May be Granted**

    a. The Defendant reported the debt as a charged off debt, but failed to informed the Plaintiff of any relief that the Defendant realized based on Internal Revenue Codes according to 26 U.S.C. § 108. The Defendant's failure to acknowledge relief has caused the debt to be contested and compromised and denied the Plaintiff any rights or dues afforded under IRS relief.

4. **Conspiracy to Defraud the IRS (18 U.S.C. § 286)**

    a. The Defendant's actions have caused a compromised and contested debt to which the IRS cannot make good (N. Sobel v. Commisisoner, 40 BTA 1263( (1939), Zarin v. Commisisoner, 916 F.2d110 (3rd Cir 1990); Presslar v. Commissioner, 167 F 3d 1323 (10th Cir. 1999); Estate of Smith v. Commission, 198 F. 3d 515 (5 Cir. 199)

5. **Fraud, Fraud in Inducement, Constructive Fraud and Civil Theft**

    a. Defendant's continued reporting of an invalidated, disputed, compromised and contested debt constitutes a false statement of a material fact. The Defendant's mandatory accounting practices will verify that the Defendant had knowledge that the statement is untrue and consequently the Defendant's action was intentioned to deceive the Plaintiff. The Plaintiff acknowledged that Defendant is a Banking and

Financial Institution and is held to a higher standard of fiduciary responsibility and accounting practices than the alleged debtor. Further the **Fair Debt Collection Practices Act, 15 USCG 1692 et seq.,** and the **Fair Credit Billing Act, 15 U.S.C. 1666** places the onus of debt validation on the creditor and not the alleged debtor.

6. **Theft by Deception**

    a. Based on the Plaintiff's research, the Defendant's claim is based on a forgery upon a federal document involving interstate trade. Further, the Defendant made effort to deprive the Plaintiff of property through lying misrepresentations

7. **Injurious Falsehood, Defamation and Libel**

    a. By causing to the published an invalidated, disputed, compromised and contested debt based upon a forged signature, the Defendant published and caused to be published material falsehood injurious to Plaintiff. Based on the foreknowledge of the Defendant of the falsity of the compromised and contested debt, the Plaintiff contends that the Defendant published the matter maliciously and that the Defendant made a false and defamatory statement concerning Plaintiff; Defendant made unprivileged publication of the statements to a third party; the defamation is of public concern, fault amounting at least to negligence on the part of the publisher; and that the falsehood that was published endamaged the Plaintiff.

8. **Felonious Civil Theft and Grand Larceny by Force and Extortion**

    The Defendant used force, fear of force, publicized falsehood and false representations in an attempt to engage in felonious theft and Grand larceny in its continued efforts to force payment from the Plaintiff victim in a value over $400.00

Case 9:13-cv-80030-DMM   Document 20   Entered on FLSD Docket 06/17/2013   Page 8 of 9

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

**9. Breach of Contract**

The Plaintiff made presentment of a self-executing contract in a debt validation notice along with an order to 'cease and desist' of breaches against the Plaintiff's civil and constitutional rights. The Defendant breached the terms of the agreement as set forth by law, requiring the Defendant to 'cease and desist' if said debt is not validated in accordance with **Fair Debt Collection Practices Act, 15 USCG 1692 et seq.,** and the **Fair Credit Billing Act, 15 U.S.C. 1666**

**Wherefore,** the actions of the Defendant have endamaged the Plaintiff and have impaired the Plaintiffs ability to engage in normal trade and business. The Plaintiff respectfully prays that this court be moved in an action against the Defendant for compensatory damages to the Plaintiff in the amount of $680,000 and Punitive damages for fraud, fraudulent misrepresentations and forgery in the amount of $3,600.000.00. The Plaintiff also prays that the court be moved to bring criminal charges and punitive damages against the Defendant for Conspiracy to Defraud the United States Internal Revenue Service

Dated this 17th day of June, 2013

Yvette Kanarick

Page 8 of 9

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA

Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, this 17th day of June, 2013, to

*[signature]*
Yvette Kanarick